IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE SETTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01010-STA-jay |
| | ) | |
| MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DISMISSING § 2241 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 10, 2019, Petitioner Mike Settle filed an amended *pro se* habeas corpus petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 20.)[1] The Amended Petition is before the Court for preliminary review. *See Rules Governing Section 2254 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 4 (a habeas petition will be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").[2] For the following reasons, the Amended Petition is **DISMISSED**.

---

[1] Unless otherwise noted, record citations are to documents filed in the instant case.

[2] The Habeas Rules apply to petitions brought under § 2241 challenging a prisoner's detention pursuant to a state conviction. *See* Habeas Rule 1(b).

## BACKGROUND

The history of Petitioner's state and federal convictions has been summarized by the Sixth Circuit in an order denying one of Settle's applications for permission to file a second or successive 28 U.S.C. § 2254 petition:

> In 2001, with the benefit of a plea agreement, Settle pleaded guilty in Madison County Circuit Court to especially aggravated kidnapping, felony escape, aggravate robbery, and two counts of aggravated assault. He was sentenced to serve a total of twenty-five years of imprisonment. His sentence was ordered to run concurrently with a previously-imposed federal sentence and a state sentence imposed in a separate Madison County case, and consecutively to state sentences imposed in several prior Shelby County cases. Settle did not appeal. The previously-imposed federal sentence ordered Settle to serve 262 months of imprisonment consecutively to any previously-imposed state or federal sentences.

(*In re Mike Settle*, No. 16-6698, ECF No. 7-2 at 1-2 (6th Cir.) (citations omitted).)

Settle first sought federal habeas relief in 2006 when he filed a § 2254 petition in the United States District Court for the Middle District of Tennessee. (*Settle v. Waller*, No. 3:06-cv-0398, ECF No. 1 (M.D. Tenn.).) That case was transferred to this district, where the convicting court is located. (*Settle v. Waller*, No. 06-cv-01092-JDT-egb, ECF No. 7 (W.D. Tenn.).) Petitioner thereafter filed an amended petition asserting, among other things, that his guilty plea was involuntary due to trial counsel's alleged failure to investigate whether the plea agreement's provision specifying that the state sentence be served in federal custody was enforceable. (*Id.*, ECF No. 10 at 7-8.) In an order issued on September 4, 2009, Judge James D. Todd dismissed the amended petition as time-barred. (*Id.*, ECF No. 52 at 16.) The Sixth Circuit denied a certificate of appealability (*id.*, ECF No. 58) and the Supreme Court denied certiorari (*id.*, ECF No. 60).

In one of his many subsequent applications to the Sixth Circuit for permission to proceed with a second or successive petition under 28 U.S.C. § 2244(b)(3)(A),[3] Settle sought, in 2018, to challenge his 2001 aggravated kidnapping conviction. (*See In re Settle*, No. 18-5319 (hereinafter "No. 18-5319"), ECF No. 5-1 at 2 (6th Cir. June 5, 2018).) In that proceeding, he requested that the Sixth Circuit authorize the district court to review his assertions that

> . . . (1) his especially aggravated kidnapping conviction violates due process because the 'victim's removal or confinement was essentially incidental to [the] accompanying felony offense of aggravated robbery'; (2) his guilty plea is invalid because he was not informed before entering his plea of the victim's statement that he forced her to drive the car, was misinformed 'of the charge against him,' and 'did not understand the essential elements of especially aggravated kidnapping.'

(*Id.*, ECF No. 5-1 at 2 (alterations in original).)

Settle also sought permission to bring a claim that "the state withheld purported favorable evidence . . . in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972)." (*Id.*, ECF No. 5-1 at 2.) According to his application, the evidence consisted of the "Tennessee Uniform Crash Report," a "Crimes Management System Incident Report," and "a videotape . . . from Jackson Madison County General Hospital security office," mentioned in the Crimes Management System Incident Report and "show[ing] that Settle did not force [the victim] into the car[.]" (*Id.*, ECF No. 1-1 at 9, 10.)

Petitioner further asserted that "the especially aggravated kidnapping offense was incidental to his aggravated robbery offense, and the aggravated robbery offense implicate[d] both the Armed Career Criminal Act (ACCA) sentence previously imposed in his federal case

---

[3] Before a district court may consider a second or successive § 2254 habeas petition, the prisoner is required to "move in the appropriate court of appeals for an order authorizing the district court to" review the claims. 28 U.S.C. § 2244(b)(3)(A). A state prisoner cannot avoid the rules governing second or successive § 2254 petitions by filing a habeas petition under § 2241. *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006).

3

and *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016)." (*Id.*, ECF No. 5-1 at 2.)

> The Sixth Circuit summarized Settle's arguments as follows:
>
> Settle relies on *State v. White*, 362 S.W.3d 559, 562 (Tenn. 2012), in which the Tennessee Supreme Court held that state kidnapping statutes do not apply 'to the removal or confinement of a victim that is essentially incidental to an accompanying felony, such as rape or robbery.' Settle also argues that new evidence—a 'Crimes Management System Incident Report' and a 'Tennessee Uniform Crash Report'—supports his due process claim and establishes 'by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of especially aggravated kidnapping. He argues that the Crimes Management report, which states that the victim reported that he forced her to drive, contradicts the Traffic report, which states that he drove the vehicle. Settle contends that he is innocent of especially aggravated kidnapping because he 'did not force [the victim] into the car to drive him away,' but instead, the victim 'got into the car on her own.' The Crimes Management and Traffic reports support Settle's *Brady* and *Giglio* claim in his proposed third ground for relief.

(No. 18-5319, ECF No. 5-1 at 3 (alterations in original).)

The Sixth Circuit denied Petitioner's application because "[t]he evidence on which [he] relie[d]" was "not new" evidence of his innocence, as required to authorize a second or successive petition under § 2244(b).[4] (*Id.*, ECF No. 5-1 at 3.) The court found that "the Crimes Management and Traffic reports were prepared after the crimes occurred in 1999 and were available before Settle's plea and sentencing proceedings." (*Id.*, ECF No. 5-1 at 3.) The court also held that, "even if contradictory as to whether Settle or the victim drove the vehicle, the reports do not establish that 'no reasonable factfinder would have found [Settle] guilty of'

---

[4] An appellate court "may grant permission to file a second or successive habeas corpus petition only if the petitioner makes a prima facie showing that it contains a claim based on (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable'; or (2) new facts that 'could not have been discovered previously through the exercise of due diligence' and that, 'if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (No. 18-5319, ECF No. 5-1 at 3 (quoting 28 U.S.C. § 2244(b)(2), (b)(3)(C)).)

4

especially aggravated kidnapping." (*Id.*, ECF NO. 5-1 at 3 (alteration in original) (quoting 28 U.S.C. § 2244(b)(2)(B)(ii)).)

## DISCUSSION

In the present case, Settle originally filed a 28 U.S.C. § 2241 petition in the Eastern District of Tennessee. (ECF No. 2.) The case was transferred to this district on January 11, 2018. (ECF No. 10.) Petitioner thereafter filed a motion to amend the petition (ECF No. 18), which this Court granted on September 25, 2019 (ECF No. 19). He then submitted the Amended Petition on the Court's § 2241 form. (ECF No. 20.) Liberally construing the pleading and renumbering the grounds for relief, the Court determines that Settle asserts the following claims:

Claim 1: Petitioner is "[a]ctually innocent of especially aggravated kidnapping" and has, consequently, suffered a "[m]iscarriage of justice," given the Tennessee Supreme Court's ruling in *White*, 362 S.W.3d at 559, that "the removal or confinement" of the victim must not be "incidental to the petitioner['s] accompanying felony," and in light of "newly discovered evidence of the Crimes Management System Incident Report[, the] Tennessee Uniform Traffic Crash Report," and the "videotape from the Jackson Madison County General Hospital[.]" (ECF No. 20 at 6, 7, 10.)

Claim 2: The State withheld the Crimes Management System Incident Report, the Tennessee Uniform Traffic Crash Report, and the hospital videotape, in violation of *Brady*, 373 U.S. at 83. (*Id.*)

Claim 3: Petitioner's "plea of guilty was not knowing and intelligent[ly] made," because he would not have pleaded guilty had he known of the evidence withheld by the State. (*Id.* at 8.)

As discussed above, these arguments were presented to the Sixth Circuit in 2018 in Petitioner's application for permission to file a second or successive § 2254 petition. Because the appellate court has already denied Settle permission to proceed on these claims, it "plainly appears" that no relief can issue in the present case. Habeas Rule 4. The Amended Petition is therefore **DISMISSED**.

## APPEAL ISSUES

"[A] state prisoner incarcerated pursuant to a state conviction who seeks *habeas* relief under § 2241 must obtain a [certificate of appealability] before appealing" the district court's decision. *Greene v. Tenn. Dept. of Corr.*, 265 F.3d 369, 370 (6th Cir. 2001). A certificate of appealability ("COA") may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

6

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[5]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 16, 2020.

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.